IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| SALLY L. OWENS,<br><br>    Plaintiff<br><br>VS.<br><br>JO ANNE B. BARNHART,<br>S.S. Commissioner,<br><br>    Defendant | NO. 5:05-CV-203(CWH)<br><br>SOCIAL SECURITY APPEAL<br>PETITION FOR ATTORNEY'S FEES<br>UNDER EAJA |

## O R D E R

Plaintiff's attorney has moved the court for an award of attorney's fees in the above-captioned case, under provisions of the Equal Access to Justice Act (EAJA), for his successful representation of the plaintiff before this court. Tab #21.  28 U.S.C. § 2412(d)(1)(A) provides:

> *Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.*

In the case at bar, it is uncontroverted that the claimant was a prevailing party; that the fee application was timely filed; that no special circumstances exist that would make such an award unjust; and, that the Commissioner's previous decision denying the claimant Social Security benefits was not substantially justified.  The defendant has responded and gives no objection to the Court awarding attorneys' fees pursuant to 28 U.S.C. 2412(d) .  Tab #22.

Plaintiff's attorney has filed a schedule with his motion for attorney's fees showing that he expended 24 hours of time on this case. He requests attorney's fees for this time at the rate of $159.20 per hour.

The undersigned has determined in other Social Security cases in this division that a fee of $139.25 per hour is not unreasonable for attorney's fees, and an increase in that amount is not justified in this case. *See Kay v. Apfel*, 176 F.3d 1322, 1328 (11th Cir. 1999) (noting that the district court is entitled to consider its own knowledge and experience concerning reasonable and proper fees in determining the reasonable hourly rate).

Accordingly, in light of the above, IT IS ORDERED that the plaintiff's attorney's motion for the recovery of fees pursuant to 28 U.S.C. § 2412(d) be **PARTIALLY GRANTED** and that payment be forwarded forthwith to the plaintiff's attorney of record, in the amount of $3342.00 (24 hours times $139.25 per hour).

SO ORDERED, this 27th day of JULY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE